IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PRECISION CASTPARTS CORP.,            )
an Oregon corporation,                )
                                      )
          Plaintiffs,                 )   Case No. CV04-1699-HU
                                      )
     vs.                              )      FINDINGS AND
                                      )      RECOMMENDATION
HARTFORD ACCIDENT AND INDEMNITY       )
COMPANY, ACE FIRE UNDERWRITERS        )
INSURANCE COMPANY, CENTURY INDEMNITY)
COMPANY, HIGHLANDS INSURANCE          )
COMPANY, and THE INSURANCE COMPANY    )
OF THE STATE OF PENNSYLVANIA,         )
                                      )
          Defendants.                 )
_____)

Frank V. Langfitt
Daniel P. Larsen
Ater Wynne
222 S.W. Columbia, Suite 1800
Portland, Oregon 97201

Scott P. DeVries
Winston & Strawn


1   - FINDINGS AND RECOMMENDATION

101 California Street
San Francisco, California 94111
       Attorneys for plaintiffs

Thomas W. Brown
Thomas M. Christ
Cosgrave Vergeer Kester
805 S.E. Broadway, 8th Floor
Portland, Oregon

Carl E. Forsberg
Charles E. Albertson
Forsberg & Umlauf
900 Fourth Avenue, Suite 1700
Seattle, Washington
       Attorneys for defendant Hartford Accident and Indemnity

R. Lind Stapley
Soha & Lang
701 Fifth Avenue, Suite 2400
Seattle, Washington 98104

William G. Earle
Davis Rothwell Earle & Xochihua
1300 S.W. Fifth Avenue, Suite 1900
Portland, Oregon 97201
       Attorneys for defendants Ace Fire Underwriters Insurance
       Company, Century Indemnity Company, Highlands Insurance
       Company

Doug Tuffley
Thomas M. Jones
Jennifer C. Artiss
Cozen O'Connor 1201 Third Avenue, Suite 5200
Seattle, Washington 98101
       Attorneys for defendant The Insurance Company of the
       State of Pennsylvania

HUBEL, Magistrate Judge:

       Plaintiff Precision Castparts Corporation (PCC) moves to

file a Second Amended Complaint (doc. # 127), adding a Third

Claim for Relief. The allegations are that defendants Hartford,

ACE, Century and ICSOP are obligated to defend and indemnify PCC

2   - FINDINGS AND RECOMMENDATION

not only with respect to past expenses and claims relating to the presence of thorium oxide in the City of Portland sewer lines, but for future claims and expenses. Second Amended Complaint ¶ 47. PCC seeks a judgment declaring the rights and obligations of defendants to PCC with respect to defense and indemnification for costs incurred in the future for claims not yet made. Id. at ¶ 49.

PCC's counsel has submitted a Declaration stating that PCC seeks to add a declaratory judgment claim that is based upon the same existing state of facts supporting the original claims, including the City's comprehensive surveys of its sewer lines in 1992 and 1994, which have been produced to defendants. PCC asserts that it faces potential future claims based upon the historical events and circumstances which have already been the subject of extensive discovery by defendants, but that with the exception of the City's demand that PCC pay money toward the cleanup of the Eastmoreland Golf Course sewer line--a specific, known damage item that was added to PCC's list of damages provided to defendants in the fall of 2006--there is no other specific claim for future costs facing PCC.

Defendants ACE Fire Underwriters Insurance Company (ACE), Century Indemnity Company (Century) and Insurance Company of the

State of Pennsylvania (ICSOP)[1] oppose the motion, on the ground that the motion is untimely and will prejudice defendants in their trial preparation. At oral argument, defendants asserted that the amendment should not be allowed because the declaratory judgment claim is not justiciable.

## Standard

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." This rule represents a "strong policy permitting amendment." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). The liberality of the rule is qualified by the requirement that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Thus, whether leave to amend should be granted is generally determined by considering the following: 1) undue delay; 2) bad faith; 3) futility of amendment; and 4) prejudice to the opposing party. Texaco, 939 F.2d at 798; Lockheed Martin v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir. 1999).

## Discussion

The jurisdiction of federal courts depends on the existence

---

[1] Defendant Hartford takes no position on the current motion to amend.

of a "case or controversy" under Article III of the Constitution.
GTE California, Inc. v. Federal Communications Comm'n, 39 F.3d
940, 945 (9th Cir. 1994). *See also* Aetna Life Ins. v. Haworth,
300 U.S. 227, 241 (1937)(federal courts may resolve only "real
and substantial controvers[ies] admitting of specific relief").
A case or controversy justifying declaratory relief exists only
when the challenged activity, "by its continuing and brooding
presence, casts what may well be a substantial adverse effect on
the interests of the petitioning parties." Center for Biological
Diversity v. Lohn, 483 F.3d 984, 988(9th Cir. 2007), quoting Super
Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 122 (1974). When the
purported adverse effect is "so remote and speculative that there
is no tangible prejudice to the *existing interests* of the
parties," no case or controversy exists. Id. (emphasis in
original).

　　　PCC acknowledges that, with the exception of the
Eastmoreland Golf Course, the City of Portland has made no
specific claims against PCC for existing or anticipated thorium
oxide damage to the sewer system, so that there are no claims for
future costs facing PCC beyond those in the existing complaint.
Under such circumstances, plaintiffs' claim for declaratory
relief is too remote and speculative to meet the case or
controversy requirement for jurisdiction.

　　　I recommend that the motion to amend be denied.

5　　- FINDINGS AND RECOMMENDATION

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 30, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due August 16, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 13th   day of July, 2007.


/s/   Dennis James Hubel

Dennis James Hubel
United States Magistrate Judge

6   - FINDINGS AND RECOMMENDATION